# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

AHMAD SHALASH,

          Petitioner,    :    Case No. 1:18-cv-333

  - vs -                         District Judge Timothy S. Black
                                      Magistrate Judge Michael R. Merz

DAVID GRAY, Warden,
  Belmont Correctional Institution,

                                    :

          Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought by Petitioner Ahmad Shalash with the assistance of counsel, is before the Court on Petitioner's Objections (ECF No. 21) to the Magistrate Judge's Report and Recommendations which recommended dismissal (the "Report," ECF No. 18). Judge Black has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (Recommittal Order, ECF No. 22).

The Petition pleads four grounds for relief and Petitioner objects to the Report's conclusions as to each one. They are considered here seriatim.

**Ground One: Sufficiency and Weight of the Evidence**

In his First Ground for Relief, Shalash asserts his conviction is not supported by sufficient evidence and is against the manifest weight of the evidence. The Report recommended dismissing the manifest weight claim as not cognizable in habeas corpus (ECF No. 18, PageID 1200).

1

Petitioner does not object to that conclusion.

The Report concluded the sufficiency of the evidence claim was procedurally defaulted because, although it was argued unsuccessfully in the Ohio First District Court of Appeals, it was not fairly presented thereafter to the Supreme Court of Ohio (ECF No. 18, PageID 1201). In his Reply, Petitioner conceded he did not present insufficiency of the evidence as a proposition of law on his Supreme Court appeal, but noted his comment on how little evidence there was in his general argument for discretionary review (ECF No. 15, PageID 1171). The question, then, is whether a general argument of the sort Shalash made in his Memorandum in Support of Jurisdiction is sufficient to fairly present an issue, particularly when an appellant is represented by counsel.[1]

The Report concludes the sufficiency issues was not fairly presented. In the Memorandum in Support of Jurisdiction, Shalash's counsel never made the explicit claim the evidence was insufficient, never asserted the First District was in error for rejecting this assignment, and never cited any of the relevant Supreme Court precedent, *Jackson v. Virginia*, 443 U.S. 307 (1979), and its progeny.

To show the general argument was enough, Petitioner relied on *Peterson v. Miller,* No. 1:16-cv-509, 2017 U.S. Dist. LEXIS 215391 (N.D. Ohio Dec. 7, 2017). The Report distinguishes *Peterson* in that the Northern District was construing a *pro se* pleading which is entitled to liberal construction under Supreme Court precedent (Report, ECF No. 18, PageID 1202, citing *Estelle v. Gamble*, 429 U.S. 91, 106 (1976). Even in *Peterson* the court refused to find a liberally construed proposition of law raised a federal constitutional question.

The Objections disagree with the Report's reading of *Peterson* (ECF No. 21, PageID 1226). Having re-examined *Peterson*, the Magistrate Judge agrees it can be read as finding Peterson

---

[1] Shalash is represented here by the same attorney who represented him on appeal at both levels in the Ohio courts.

preserved a sufficiency of the evidence claim in the Ohio Supreme Court by the words he used, *pro se,* in the relevant propositions of law. Magistrate Judge Greenberg wrote:

> Aside from a few references to "Fair Trial," "Due Process," and "Equal Protection," (Doc. No. 13-1, Exh. 17 at 242), Peterson did not couch the legal arguments he made in his jurisdictional memorandum to the Ohio Supreme Court in constitutional terms. Nor did he cite to any provision of the Constitution or any federal or state-court case applying federal constitutional law to support them. On the other hand, again liberally construing his state-court pleading, Peterson did present factual arguments that would advance a federal sufficiency-of -the-evidence claim, such as alleging a lack of physical evidence linking him to the crimes. The Court finds, therefore, that Peterson fairly presented this claim to Ohio courts, and it is preserved for federal habeas review.

2017 U.S. Dist. LEXIS 215391 at *46. Shalash's counsel says *Peterson* is not limited to *pro se* litigants. But it is only *pro se* litigants who are entitled to the liberal construction the *Peterson* court said it was giving to the *pro se* Memorandum in Support of Jurisdiction. Pleadings prepared by licensed attorneys are not entitled to that "liberal construction."

In addition, the words the *Peterson* court was construing are different from the words involved here. In *Peterson* the word "insufficient" was used in the second proposition of law and the words "without [any] facts of [sic] law" were used in the first proposition in the Ohio Supreme Court. Here there are no words adverting to the sufficiency of the evidence in any of the propositions of law, prepared by counsel, that were filed in the Supreme Court of Ohio.

Putting these distinctions aside, the Magistrate Judge also notes that the *Peterson* decision is not controlling authority, but rather the decision of a sister court, considered only for its persuasiveness.[2]

Shalash argues that even if he has procedurally defaulted on his sufficiency of the evidence

---

[2] In adopting the Report in *Peterson*, Chief District Judge Gaughan noted the Peterson had not objected to the recommended dismissal. *Peterson v. Miller*, 2018 U.S. Dist. LEXIS 6724 (N.D. Ohio Jan. 16, 2018).

claim, his default is excused by his actual innocence. While recognizing that new evidence of actual innocence can excuse a procedural default under *Schlup v. Delo*, 513 U.S. 298 (1995), the Report noted that the only new evidence of actual innocence was the affidavits of his two co-defendants, one of whom is the mother of his children, recanting their trial testimony. Recantation does not come within the types of new evidence accepted by the Sixth Circuit. See *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005), cited in the Report at PageID 1203.

The Objections criticize the Report for "summarily dismiss[ing] the recanting affidavits without citing any law which supports the Magistrate's contention that the affidavits are unreliable." (ECF No. 21, PageID 1227). But as just noted, the Report cites *Souter* which quotes *Schlup* on the types of new evidence which are reliable. *Id.*

Courts in general are strongly skeptical of affidavits recanting sworn trial testimony. "Recanting affidavits and witnesses are viewed with extreme suspicion." *United States v. Willis,* 257 F.3d 636, 645 (6th Cir. 2001); *United States v. Chambers*, 944 F.2d 1252, 1264 (6th Cir. 1991); *see also United States v. Lewis*, 338 F.2d 137, 139 (6th Cir. 1964). Even if accepted, recantation of trial testimony is generally not sufficient to grant habeas relief absent constitutional error. *Welsh v. Lafler*, 444 Fed. App'x 844, 850 (6th Cir. 2011). See general discussion to the same effect in *Davis v. Bradshaw*, 900 F.3d 315 (6th Cir. 2018).

Even if the procedural default of the sufficiency claim were put to one side, Shalash would not be entitled to relief on the merits of that claim. In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. 361, 364 (1970).

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the

4

> responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 * 4-5 (S.D. Ohio Oct. 12, 2007). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship*, 397 U.S. at 361.

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson* and then to the appellate

court's consideration of that verdict, as commanded by the AEDPA. *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(*en banc*); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S.Ct. 2, 181 L.Ed.2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. 766, [773], 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(*per curiam*); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (*per curiam*).

The Report quotes at length the First District's opinion finding sufficient evidence (ECF No. 18, PageID 1197-99). The appellate court relied on the testimony of co-conspirators Neitz and Pfalz, but also noted it was supported by surveillance video, by testimony from employees of the four banks robbed, and by testimony of an eyewitness who saw the three in a white van near one of the robbed locations a couple of hours before the robbery. *State v. Shalash,* 2014-Ohio-5006 at ¶¶ 41-42. This analysis is a completely reasonable application of *Jackson*.

In sum, Petitioner's Objections on the sufficiency of the evidence claim should be overruled.

**Ground Two:  Prosecutorial Misconduct**

In his Second Ground for Relief, Shalash claims he was denied a fair trial by repeated acts of prosecutorial misconduct.  Respondent asserted this claim was procedurally defaulted by trial counsel's failure to object to the allegedly improper comments.  The Report concluded this ground for relief was procedurally defaulted by failure to make a contemporaneous objection (ECF No. 18, PageID 1206-08).

In his Objections, Shalash recounts that he admitted at every stage in the state courts that his trial attorney had not made a contemporaneous objection, but asserted this was ineffective assistance of trial counsel.  The Report noted Shalash did not raise as an assignment of error that he received ineffective assistance of trial counsel in this failure to object and that his entire argument on this point was, "Furthermore, Mr. Shalash submits that he received the ineffective assistance of counsel when his trial counsel failed to object to these clearly prejudicial instances of prosecutorial misconduct."  (Report, ECF No. 18, PageID 1209, quoting Appellant's Brief, State Court Record ECF No. 10, Ex. 10, PageID 101.)  Noting that any claim of ineffective assistance of trial counsel as an excuse for procedural default must be fairly presented to the state courts, the Report concluded this one sentence did not amount to fair presentation and the failure to make a contemporaneous objection had not been excused.

Shalash objects by reciting the four ways accepted for fair presentation by the Sixth Circuit (Objections, ECF No. 21, PageID 1229, quoting *Clinkscale v. Carter*, 375 F.3d 430 (6th Cir. 2004):

> Additionally, a petitioner must have "'fairly presented' the substance of each of his federal constitutional claims to the state courts . . . ." *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (citations omitted).  *See also O'Sullivan*, 526 U.S. at 844 (section 2254(c)

"requires only that state prisoners give state courts a *fair* opportunity to act on their claims") (emphasis in original); *Manning*, 912 F.2d at 881 ("The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims."). As we have explained:

> A petitioner can take four actions in its brief which are significant to the determination as to whether a claim has been fairly presented: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law."

*Newton*, 349 F.3d at 877. *See also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied*, 509 U.S. 907, 125 L. Ed. 2d 694, 113 S. Ct. 3001 (1993) ("A petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns.").

*Clinkscale.* 375 F.3d at 437-38. Clinkscale had made a **claim** of ineffective assistance of trial counsel in the Ohio Court of Appeals. *Id.* at 438. Shalash does not assert he made a **claim** that his attorney was ineffective for not objecting to the prosecutorial comments. Instead, he says he used the "clearly constitutional terms 'ineffective assistance of counsel,' a commonly known and specific constitutional right in both his direct appeal brief to the First District Court of Appeals and his Memorandum in Support of Jurisdiction to the Ohio Supreme Court." (Objections, ECF No. 21, PageID 1229.)

The Report rejected this argument, noting

> A constitutional claim cannot be preserved for habeas review by reciting talismanic words – an actual argument must be made. Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987). "A lawyer need not develop a constitutional argument at length, but he must

8

> make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995). The same must be said of "ineffective assistance."

(ECF No. 18, PageID 1209-10.)

Examining again the Appellant's Brief on direct appeal, the Magistrate Judge finds he did not raise ineffective assistance of trial counsel as an assignment of error (State Court Record, ECF No. 10, PageID 87, *et seq*.). His only mention of the Sixth Amendment, the constitutional provision that guarantees effective assistance, is in his argument about jury instructions, a different provision of the Sixth Amendment. *Id.* at PageID 104. On further appeal, Shalash raised three propositions of law, but none of them asserts ineffective assistance of trial counsel. As on direct appeal, he mentions in the body of his argument that it was ineffective assistance to fail to object, but in neither instance did he cite any law in support of that assertion. The First District certainly did not consider itself faced with a claim of ineffective assistance of trial counsel. Indeed, it enforced the procedural default of failing to make a contemporaneous objection by reviewing the prosecutorial misconduct claim only for plain error.

The Magistrate Judge remains persuaded Shalash made no claim of ineffective assistance of trial counsel that gave the First District a fair opportunity to decide that question. But, as with the First Objection, if we put the procedural default to one side, Shalash is not entitled to relief on the merits of his prosecutorial misconduct claim because the First District's plain error review is entitled to deference under 28 U.S.C. § 2254(d)(1). The opinion of a state court on plain error review is still entitled to AEDPA deference if the federal court reaches the merits despite the procedural default. *Fleming v. Metrish*, 556 F.3d 520, 532 (6th Cir. 2009); *Kittka v. Franks*, 539 Fed. App'x 668, 672 (6th Cir. 2013); *Bond v. McQuiggan*, 506 Fed. App'x 493, 498 n. 2 (6th Cir. 2013); *Stojetz v. Ishee*, 2014 U.S. Dist. LEXIS 137501 *231 (S.D. Ohio Sept. 24, 2014).

9

The First District decided the prosecutorial misconduct claim on plain error review as follows:

> **[*P45]** A prosecuting attorney has wide latitude to summarize the evidence and zealously advocate the state's position during closing argument. *See State v. Richey*, 64 Ohio St.3d 353, 362, 1992 Ohio 44, 595 N.E.2d 915 (1992). The propriety of a specific remark by a prosecutor must not be judged in isolation, but in light of the tenor and context of the entire closing argument. *See State v. Slagle*, 65 Ohio St.3d 597, 607, 605 N.E.2d 916 (1992). Improper remarks during closing argument are grounds for reversal when the remarks serve to deny the defendant a fair trial. *See State v. Maurer*, 15 Ohio St.3d 239, 266, 15 Ohio B. 379, 473 N.E.2d 768 (1984).
>
> **[*P46]** As Shalash admits, he did not object to any of the prosecutor's comments during closing argument. He, therefore, has waived all but plain error. *See State v. D'Ambrosio*, 73 Ohio St.3d 141, 143-44, 1995 Ohio 129, 652 N.E.2d 710 (1995). Based upon our review of the record, we cannot conclude that the prosecutor's comments during closing argument rose to the level of plain error.
>
> **[*P47]** The prosecutor's statements extensively summarizing the evidence against Shalash were not improper. The prosecutor's comments focusing on the "scary nature" of the robberies were based upon testimony from bank employees that they had been threatened with a gun, and their fear that Pfalz could have fatally shot them had he chosen to do so. Likewise, the prosecutor's statement that the robberies were the result of a "heroin-induced frenzy," was based upon testimony from Neitz and Pfalz that they had committed the robberies to feed their heroin habit, and that they had robbed the banks while "high" on heroin.
>
> **[*P48]** Shalash next argues that the prosecutor committed misconduct when he repeatedly made inflammatory remarks about Shalash's religion. He points to three references to religion in the state's closing argument. The first reference occurred when the prosecuting attorney stated that Shalash and Neitz had been married at a mosque in Clifton. But nothing about this statement would serve to inflame the jury's passions. The second reference occurred during the prosecutor's discussion of Neitz's and Pfalz's credibility, when he said,
>
>> Is it common sense? Is it believable? Do you believe that a Muslim wife is going to somehow be driving around town with an outsider, Pfalz, a stranger to the family, robbing

> banks, and the husband has been with him just moments before and somehow he leaves the picture with the kids in the van?
>
> The third reference occurred during the rebuttal portion of the state's closing argument when the prosecutor stated,
>
>> Are you kidding me? Give me a break. And a Muslim wife on top of that. In that culture the women aren't even supposed to be out without a male relative and we got her robbing banks with a non-male relative with the kids in the truck. Give me a break. Give me a break.
>
> **[\*P49]** Although the comments were arguably inappropriate, they were not so inflammatory that we can conclude that Shalash's convictions resulted from passion and prejudice instead of the state's proof of his guilt. The state produced overwhelming evidence of Shalash's guilt, and none of the cited comments were so prejudicial or outcome determinative as to constitute plain error and to deny Shalash a fair trial.
>
> **[\*P50]** Finally, Shalash argues that the prosecuting attorney improperly vouched for the credibility of the school nurse when he said, "Obviously she's not going to lie to you." It is improper for an attorney to express a personal belief or opinion as to the credibility of a witness. *State v. Williams*, 79 Ohio St.3d 1, 12, 1997 Ohio 407, 679 N.E.2d 646 (1997). Here, the prosecutor did not improperly vouch for the nurse's credibility as a witness. He merely argued that she was a reliable witness and that she lacked any motive to lie. Therefore, we overrule Shalash's second assignment of error.

*State v. Shalash,* 2014-Ohio-5006 (1st Dist. Nov. 12, 2014).

The Sixth Circuit has articulated the relevant standard for habeas claims of prosecutorial misconduct:

> On habeas review, claims of prosecutorial misconduct are reviewed deferentially. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). To be cognizable, the misconduct must have "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* (citation omitted). Even if the prosecutor's conduct was improper or even "universally condemned," *id.*, we can provide relief only if the statements were so flagrant as to render the entire trial fundamentally unfair. Once we find that a statement is improper, four factors are considered in determining whether the

> impropriety is flagrant: (1) the likelihood that the remarks would mislead the jury or prejudice the accused, (2) whether the remarks were isolated or extensive, (3) whether the remarks were deliberately or accidentally presented to the jury, and (4) whether other evidence against the defendant was substantial. *See Boyle v. Million*, 201 F.3d 711, 717 (6th Cir. 2000). Under [the] AEDPA, this bar is heightened by the deference we give to the . . . [Ohio] Supreme Court's determination of . . . [Petitioner's] prosecutorial-misconduct claims. *See Macias v. Makowski*, 291 F.3d 447, 453-54 (6th Cir. 2002)("If this court were hearing the case on direct appeal, we might have concluded that the prosecutor's comments violated Macias's due process rights. But this case is before us on a petition for a writ of habeas corpus. So the relevant question is not whether the state court's decision was wrong, but whether it was an unreasonable application of clearly established federal law.").

*Bowling v. Parker*, 344 F.3d 487, 512-13 (6th Cir. 2003).

> On habeas review, "the relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 186, 840 L.Ed.2d 431 (1974)). "Even if the prosecutor's conduct was improper or even universally condemned, we can provide relief only if the statements were so flagrant as to render the entire trial fundamentally unfair." *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003). Yet reversal is required if the prosecutor's misconduct is "so pronounced and persistent that it permeates the entire atmosphere of the trial or so gross as probably to prejudice the defendant." *Pritchett v. Pitcher,* 117 F.3d 959, 964 (6th Cir. 1997); see also *Gall v. Parker*, 231 F.3d 265, 311 (6th Cir. 2000), overruled on other grounds by, *Bowling v. Parker,* 344 F.3d 487, 501 n.3 (6th Cir. 2003).

*Bates v. Bell*, 402 F.3d 635, 640-41 (6th Cir. 2005).

Although then-Judge Fischer[3] did not cite any federal case law in his decision, the precedent cited in ¶ 45 generally adopts the federal standards. In his Reply, Shalash argued the merits of this claim as if habeas review were *de novo* and omitted any citation to relevant United States Supreme Court authority (ECF No. 15, PageID 1180-82). But, as noted above, our review

---

[3] Patrick Fischer was, subsequent to the decision in this case, elected a Justice of the Ohio Supreme Court.

is deferential under 28 U.S.C. § 2254(d)(1) and only clearly established Supreme Court precedent can be a predicate for habeas relief.

The Magistrate Judge concludes that the First District's decision is not an objectively unreasonable application of the standards adopted by the Supreme Court. Ground Two should therefore be dismissed on the merits as well as for procedural default.

**Ground Three: Incomplete Jury Instructions**

In this Third Ground for Relief, Shalash claims the trial judge did not instruct the jury that the required standard of proof on the firearm specification was proof beyond a reasonable doubt. The First District found this claim defaulted for lack of a contemporaneous objection. *Shalash*, 2014-Ohio-5006, ¶¶ 51-56. The Report recommends upholding the procedural default over Shalash's actual innocence claim for the reasons set forth as to Ground One. In the alternative, the Report recommends deference to the First District's plain error review on this question as well (ECF No. 18, PageID 1216).

With respect to the Third Ground, Shalash also argued that the jury instruction error was a "structural error" which is not lost by procedural default. The Report rejected this argument, stating, "[n]or has he cited any authority for the proposition that a 'structural error' cannot be forfeited by failure to make a contemporaneous objection." (ECF No. 18, PageID 1213.) In his Objections, Shalash claims he did cite authority for that proposition and repeats citations from his Traverse including *Arizona v. Fulminante*, 499 U.S. 279 (1991), and *Rose v. Clark*, 478 U.S. 570 (1986).

Shalash's position is simply a misreading of these cases. The distinction made in *Fulminante* is between structural errors, which are not subject to harmless error analysis, and other

13

constitutional errors at trial, which are assessed as to whether they were harmful or not. *Fulminante* does not discuss procedural default in any way. The same is true of *Rose.*

As to the merits of Ground Three, the Report notes that the definition of reasonable doubt given by the trial court was completely consistent with *Sullivan v. Louisiana*, 508 U.S. 275 (1993). Indeed, it is not the content of the definition about which Shalash complains, but that it was not repeated in conjunction with the firearm specification. The First District's decision on the merits, which expressly recognized *Sullivan* as the controlling precedent, was not an objectively unreasonable application of *Sullivan*.

**Ground Four: Denial of Post-Conviction Petition without a Hearing**

In his Fourth Ground for Relief, Shalash claims his rights to effective assistance of counsel, guaranteed by the Sixth Amendment, and due process of law, guaranteed by the Fourteenth Amendment, were violated when his petition for post-conviction relief was denied without an evidentiary hearing.

The Report recommended denying this ground for relief because Shalash had not raised it as a constitutional question on direct appeal and thereby failed to fairly present it; instead, he raised it as an abuse of discretion claim (ECF No. 18, PageID 1216-17). The Report also recommended denying the claim on the merits because no Supreme Court precedent clearly establishes a right to an evidentiary hearing in state post-conviction proceedings. *Id.* at PageID 1218.

Shalash objects that the Magistrate Judge raised procedural default *sua sponte*, that it had not been raised by Respondent (Objections, ECF No. 1231-32). Shalash is correct that Respondent defended Ground Four on the merits and the procedural default matter was raised *sua sponte* by

14

the Magistrate Judge. The Sixth Circuit, however, has held it is not inappropriate for the Court to raise a procedural default defense *sua sponte*. *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002)(§ 2254 capital case)*; White v. Mitchell,* 431 F.3d 517, 514 (6th Cir. 2005)(capital case); *Elzy v. United States,* 205 F.3d 882 (6th Cir. 2000)(§ 2255 case). See also, *Day v. McDonough*, 547 U.S. 198, 206-07 (2006) (stating that "[w]hile the issue remains open in this Court, see *Trest v. Cain*, 522 U.S. 87, 90 (1997), the Courts of Appeals have unanimously held that, in appropriate circumstances, courts, on their own initiative, may raise a petitioner's procedural default," citing cases in all but the D.C. Circuit Court).

The only excusing cause suggested for this procedural default is Shalash's asserted actual innocence. The insufficiency of the actual innocence argument is discussed under Ground One above.

As part of his Fourth Ground for Relief, Shalash claims he received ineffective assistance of trial counsel when his trial attorney failed to subpoena two witnesses, one of whom would allegedly have provided an alibi, and failed to investigate Shalash's claim that the gun alleged to have been used in the robberies in 2012 had been confiscated in 2011. The trial judge found the supporting affidavits marginal at best. Shalash had made a "shotgun" allegation of ineffective assistance of trial counsel and had not provided affidavits from the supposed alibi witnesses.

**Conclusion**

Having reconsidered the case pursuant to the Recommittal Order, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of

appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 17, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).