# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

AHMAD SHALASH,

           Petitioner,         :        Case No. 1:18-cv-333

   - vs -                             District Judge Timothy S. Black
                                     Magistrate Judge Michael R. Merz

DAVID GRAY, Warden,
  Belmont Correctional Institution,

                                   :

           Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 26) to the Magistrate Judge's Supplemental Report and Recommendations which recommended dismissal (the "Supplemental Report," ECF No. 23). The Supplemental Report reiterated the recommendations made in the original Report and Recommendations (the "Report," ECF No. 18). Judge Black has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (Recommittal Order, ECF No. 27).

    The Petition pleads four grounds for relief:

> **Ground One**: The evidence was insufficient to convict Mr. Shalash, and the manifest weight of the evidence did not support the trial court's conviction in violation of the due process clause of the Fourteenth Amendment.
>
> **Supporting Fact(s)**: 1. The State presented exhaustive evidence regarding a series of robberies that had occurred from early September to late October, 2012, yet provided no direct evidence that Mr. Shalash was involved other than the suspect testimony of his two co-defendants.

1

**Ground Two**: Mr. Shalash was denied a fair trial when he was subjected to repeated instances of prosecutorial misconduct during his trial.

**Supporting Fact(s)**: 1. After giving an extensive presentation of undisputed evidence none of which pointed to Mr. Shalash's involvement in the robberies, outside of the testimony of his codefendants, the State, in closing argument, resorted to inflammatory tactics vilifying Mr. Shalash, inciting fear, referencing Mr. Shalash's religion, and vouching for the credibility of witnesses.

**Ground Three:** Mr. Shalash was denied a fair trial when the trial court failed to instruct the jury that the firearm specifications must have been proven "beyond a reasonable doubt."

**Supporting Fact(s)**: Trial court failed to instruct jury on the standard of proof for the firearm specifications in Mr. Shalash's indictment. The trial court did not instruct the jury that Mr. Shalash must be found guilty of the specifications beyond a reasonable doubt.

**Ground Four:** Mr. Shalash was denied his right to effective assistance of counsel and due process when the trial court denied his Petition for Post-Conviction Relief without a hearing where he submitted evidence outside the trial record which supported his claims of ineffective assistance of counsel and affidavits of his codefendants recanting their trial testimony.

**Supporting Fact(s)**: Mr. Shalash's conviction was based on little to no direct evidence of his involvement in a series of robberies except for the suspect testimony of his co-defendants who both submitted affidavits recanting their testimony.

Mr. Shalash's post-conviction petition was supported by two affidavits from Jennifer Nietz, his wife and co-defendant, and one affidavit from Jake Pfalz, his other co-defendant wherein they both recanted their trial testimony.

(Petition, ECF No. 1, PageID 5, 7-8, 10, 16-19.)

# Analysis

**Ground One:  Sufficiency and Weight of the Evidence**

In his First Ground for Relief, Shalash asserts his conviction is not supported by sufficient evidence and is against the manifest weight of the evidence.  The Report recommended dismissing the manifest weight claim as not cognizable in habeas corpus (ECF No. 18, PageID 1200).  Petitioner does not object to that conclusion.

The Report concluded the sufficiency of the evidence claim was procedurally defaulted because, although it was argued unsuccessfully in the Ohio First District Court of Appeals, it was not fairly presented thereafter to the Supreme Court of Ohio (ECF No. 18, PageID 1201).  In his Reply, Petitioner conceded he did not present insufficiency of the evidence as a proposition of law on his Supreme Court appeal, but noted his comment on how little evidence there was in his general argument for discretionary review (ECF No. 15, PageID 1171).  The question, then, is whether a general argument of the sort Shalash made in his Memorandum in Support of Jurisdiction is sufficient to fairly present an issue, particularly when an appellant is represented by counsel.[1]

The Report concludes the sufficiency issues was not fairly presented.  In the Memorandum in Support of Jurisdiction, Shalash's counsel never made the explicit claim the evidence was insufficient, never asserted the First District was in error for rejecting this assignment, and never cited any of the relevant Supreme Court precedent, *Jackson v. Virginia*, 443 U.S. 307 (1979), and its progeny.

To show the general argument was enough, Petitioner relied on *Peterson v. Miller,* No.

---

[1] Shalash is represented here by the same attorney who represented him on appeal at both levels in the Ohio courts.

1:16-cv-509, 2017 U.S. Dist. LEXIS 215391 (N.D. Ohio Dec. 7, 2017). The Report distinguishes *Peterson* in that the Northern District was construing a *pro se* pleading which is entitled to liberal construction under Supreme Court precedent (Report, ECF No. 18, PageID 1202, citing *Estelle v. Gamble*, 429 U.S. 91, 106 (1976). Even in *Peterson* the court refused to find a liberally construed proposition of law raised a federal constitutional question.

The first set of Objections disagreed with the Report's reading of *Peterson* (ECF No. 21, PageID 1226). Having re-examined *Peterson*, the Magistrate Judge agreed in the Supplemental Report that it can be read as finding Peterson preserved a sufficiency of the evidence claim in the Ohio Supreme Court by the words he used, *pro se,* in the relevant propositions of law. Magistrate Judge Greenberg wrote:

> Aside from a few references to "Fair Trial," "Due Process," and "Equal Protection," (Doc. No. 13-1, Exh. 17 at 242), Peterson did not couch the legal arguments he made in his jurisdictional memorandum to the Ohio Supreme Court in constitutional terms. Nor did he cite to any provision of the Constitution or any federal or state-court case applying federal constitutional law to support them. On the other hand, again liberally construing his state-court pleading, Peterson did present factual arguments that would advance a federal sufficiency-of -the-evidence claim, such as alleging a lack of physical evidence linking him to the crimes. The Court finds, therefore, that Peterson fairly presented this claim to Ohio courts, and it is preserved for federal habeas review.

2017 U.S. Dist. LEXIS 215391 at *46. Shalash's counsel says *Peterson* is not limited to *pro se* litigants. But it is only *pro se* litigants who are entitled to the liberal construction the *Peterson* court said it was giving to the *pro se* Memorandum in Support of Jurisdiction. Pleadings prepared by licensed attorneys are not entitled to that "liberal construction."

Putting these distinctions aside, the Magistrate Judge also noted in the Supplemental Report that the *Peterson* decision is not controlling authority, but rather the decision of a sister court,

4

considered only for its persuasiveness.[2] While Shalash continues to object to the Magistrate Judge's reading of *Peterson*, he adds nothing in his Supplemental Objections which requires further analysis.

Shalash continues to argue in his current Objections that even if he has procedurally defaulted on his sufficiency of the evidence claim, his default is excused by his actual innocence. While recognizing that new evidence of actual innocence can excuse a procedural default under *Schlup v. Delo*, 513 U.S. 298 (1995), the Report noted that the only new evidence of actual innocence was the affidavits of his two co-defendants, one of whom is the mother of his children, recanting their trial testimony. Recantation does not come within the types of new evidence accepted by the Sixth Circuit. See *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005), cited in the Report at PageID 1203.

The original Objections criticized the Report for "summarily dismiss[ing] the recanting affidavits without citing any law which supports the Magistrate's contention that the affidavits are unreliable." (ECF No. 21, PageID 1227). But as just noted, the Report cites *Souter* which quotes *Schlup* on the types of new evidence which are reliable. *Id.* The Supplemental Report also cites other case law suggesting "extreme suspicion" of affidavits recanting trial testimony, particularly *Davis v. Bradshaw*, 900 F.3d 315 (6th Cir. 2018). Shalash again objects, asserting that without the testimony of the co-defendants, Shalash "could not be placed at the scene of any of the alleged[3] robberies." (Current Objections, ECF No. 26, PageID 1258.) Of course with the confessing testimony of all the co-defendants, a prosecutor would have been gilding the lilly to introduce more evidence of Shalash's presence. The fact that he did not hardly proves he could not.

---

[2] In adopting the Report in *Peterson*, Chief District Judge Gaughan noted the Peterson had not objected to the recommended dismissal. *Peterson v. Miller*, 2018 U.S. Dist. LEXIS 6724 (N.D. Ohio Jan. 16, 2018).

[3] It is uncontested that a series of robberies occurred; they are no longer only "alleged" robberies.

5

Both the Report and Supplemental Report concluded that even if the procedural default of the sufficiency claim were put to one side, Shalash would not be entitled to relief on the merits of that claim. The Supplemental Objections agree that the law applying *Jackson v. Virginia*, 443 U.S. 307 (1979), is accurately stated, but assert "[t]he Magistrate does very little analysis or discussion in the Supplemental R&R when determining ground one should be dismissed on the merits." (Current Objections, ECF No. 26, 1259.) The Objections then discuss the evidence against Shalash and discuss why it is not credible. *Id.* at PageID 1259-60. Petitioner concludes that "the jury could not have convicted without making inferences and such inferences are improper if they are 'so unsupportable as to fall below the threshold of bare rationality.'" *Id.*, quoting *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). In *Coleman*, however, the Supreme Court unanimously reversed a Third Circuit grant of the writ on an insufficiency of the evidence claim. The evidence here is much stronger than the evidence found sufficient in *Coleman*.

On habeas review, our task is not to analyze the evidence *de novo*, but rather to defer first to the trial jury and then to the state appellate court. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(*en banc*); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). The Report quotes at length the First District's opinion finding sufficient evidence (ECF No. 18, PageID 1197-99). The appellate court relied on the testimony of co-conspirators Neitz and Pfalz, but also noted the conviction was supported by surveillance video, by testimony from employees of the four banks robbed, and by testimony of an eyewitness who saw the three in a white van near one of the robbed locations a couple of hours before the robbery. *State v. Shalash,* 2014-Ohio-5006 at ¶¶ 41-42. This analysis is a completely reasonable application of *Jackson*.

It is therefore again respectfully recommended that Petitioner's Objections in Ground One should be overruled.

**Ground Two: Prosecutorial Misconduct**

In his Second Ground for Relief, Shalash claims he was denied a fair trial by repeated acts of prosecutorial misconduct. Respondent asserted this claim was procedurally defaulted by trial counsel's failure to make a contemporary objection to the allegedly improper comments and the Report agreed. The Report concluded this ground for relief was procedurally defaulted by failure to make a contemporaneous objection (ECF No. 18, PageID 1206-08).

In his First Objections, Shalash claimed he had raised ineffective assistance of trial counsel to excuse that default. The Supplemental Report found this ineffective assistance of trial counsel claim had not been properly presented to the state courts. The Current Objections add nothing on this point (Objections, ECF No. 26, PageID 1261).

Although the Report did not discuss the merits of the Second Ground, the Supplemental Report concluded that the First District's plain error review of this claim was entitled to deference. That decision is as follows:

> **[*P45]** A prosecuting attorney has wide latitude to summarize the evidence and zealously advocate the state's position during closing argument. *See State v. Richey*, 64 Ohio St.3d 353, 362, 1992 Ohio 44, 595 N.E.2d 915 (1992). The propriety of a specific remark by a prosecutor must not be judged in isolation, but in light of the tenor and context of the entire closing argument. *See State v. Slagle*, 65 Ohio St.3d 597, 607, 605 N.E.2d 916 (1992). Improper remarks during closing argument are grounds for reversal when the remarks serve to deny the defendant a fair trial. *See State v. Maurer*, 15 Ohio St.3d 239, 266, 15 Ohio B. 379, 473 N.E.2d 768 (1984).

7

**[*P46]** As Shalash admits, he did not object to any of the prosecutor's comments during closing argument. He, therefore, has waived all but plain error. *See State v. D'Ambrosio*, 73 Ohio St.3d 141, 143-44, 1995 Ohio 129, 652 N.E.2d 710 (1995). Based upon our review of the record, we cannot conclude that the prosecutor's comments during closing argument rose to the level of plain error.

**[*P47]** The prosecutor's statements extensively summarizing the evidence against Shalash were not improper. The prosecutor's comments focusing on the "scary nature" of the robberies were based upon testimony from bank employees that they had been threatened with a gun, and their fear that Pfalz could have fatally shot them had he chosen to do so. Likewise, the prosecutor's statement that the robberies were the result of a "heroin-induced frenzy," was based upon testimony from Neitz and Pfalz that they had committed the robberies to feed their heroin habit, and that they had robbed the banks while "high" on heroin.

**[*P48]** Shalash next argues that the prosecutor committed misconduct when he repeatedly made inflammatory remarks about Shalash's religion. He points to three references to religion in the state's closing argument. The first reference occurred when the prosecuting attorney stated that Shalash and Neitz had been married at a mosque in Clifton. But nothing about this statement would serve to inflame the jury's passions. The second reference occurred during the prosecutor's discussion of Neitz's and Pfalz's credibility, when he said,

> Is it common sense? Is it believable? Do you believe that a Muslim wife is going to somehow be driving around town with an outsider, Pfalz, a stranger to the family, robbing banks, and the husband has been with him just moments before and somehow he leaves the picture with the kids in the van?

The third reference occurred during the rebuttal portion of the state's closing argument when the prosecutor stated,

> Are you kidding me? Give me a break. And a Muslim wife on top of that. In that culture the women aren't even supposed to be out without a male relative and we got her robbing banks with a non-male relative with the kids in the truck. Give me a break. Give me a break.

**[*P49]** Although the comments were arguably inappropriate, they were not so inflammatory that we can conclude that Shalash's

> convictions resulted from passion and prejudice instead of the state's proof of his guilt. The state produced overwhelming evidence of Shalash's guilt, and none of the cited comments were so prejudicial or outcome determinative as to constitute plain error and to deny Shalash a fair trial.
>
> **[\*P50]** Finally, Shalash argues that the prosecuting attorney improperly vouched for the credibility of the school nurse when he said, "Obviously she's not going to lie to you." It is improper for an attorney to express a personal belief or opinion as to the credibility of a witness. *State v. Williams*, 79 Ohio St.3d 1, 12, 1997 Ohio 407, 679 N.E.2d 646 (1997). Here, the prosecutor did not improperly vouch for the nurse's credibility as a witness. He merely argued that she was a reliable witness and that she lacked any motive to lie. Therefore, we overrule Shalash's second assignment of error.

*State v. Shalash,* 2014-Ohio-5006 (1st Dist. Nov. 12, 2014). The Magistrate Judge agrees with the First District that the prosecutor's arguments about inferring behavior from religious identification were improper, but unlikely to have outweighed "the overwhelming evidence of Shalash's guilt" in producing a verdict. The prosecutor's comment about the school nurse's testimony was not improper at all as it did not constitute vouching.

The assertedly improper comments on religious identification that are at issue were all made during closing argument and were unobjected to. This Ground for Relief is therefore procedurally defaulted and the First District's rejection of the claim on the merits is not objectively unreasonable.

**Ground Three: Incomplete Jury Instructions**

In this Third Ground for Relief, Shalash claims the trial judge did not instruct the jury that the required standard of proof on the firearm specification was proof beyond a reasonable doubt. The First District found this claim defaulted for lack of a contemporaneous objection. *Shalash*,

2014-Ohio-5006, ¶¶ 51-56. The Report recommended upholding the procedural default over Shalash's actual innocence claim for the reasons set forth as to Ground One. In the alternative, the Report recommended deference to the First District's plain error review on this question as well (ECF No. 18, PageID 1216).

With respect to the Third Ground, Shalash also argued that the jury instruction error was a "structural error" which is not lost by procedural default. The Report rejected this argument, stating, "[n]or has he cited any authority for the proposition that a 'structural error' cannot be forfeited by failure to make a contemporaneous objection." (ECF No. 18, PageID 1213.) In his Objections, Shalash claims he did cite authority for that proposition and repeats citations from his Traverse including *Arizona v. Fulminante*, 499 U.S. 279 (1991), and *Rose v. Clark*, 478 U.S. 570 (1986).

The Supplemental Report concluded Shalash's counsel misread those cases which basically hold structural errors are not subject to harmlessness analysis and not that a structural error is immune to procedural default. The Current Objections rely on prior argument as to procedural default (Objections, ECF No. 26, PageID 1263).

As to the merits of Ground Three, the Report notes that the definition of reasonable doubt given by the trial court was completely consistent with *Sullivan v. Louisiana*, 508 U.S. 275 (1993). Here again Shalash relies on hits prior argument on the merits.

**Ground Four: Denial of Post-Conviction Petition without a Hearing**

In his Fourth Ground for Relief, Shalash claims his rights to effective assistance of counsel, guaranteed by the Sixth Amendment, and due process of law, guaranteed by the Fourteenth Amendment, were violated when his petition for post-conviction relief was denied without an

10

evidentiary hearing.

The Report recommended denying this ground for relief because Shalash had not raised it as a constitutional question on direct appeal and thereby failed to fairly present it to the state court; instead, he raised it as an abuse of discretion claim (ECF No. 18, PageID 1216-17). The Report also recommended denying the claim on the merits because no Supreme Court precedent clearly establishes a right to an evidentiary hearing in state post-conviction proceedings. *Id.* at PageID 1218.

Shalash objected that the Magistrate Judge raised procedural default *sua sponte*, that it had not been raised by Respondent (Objections, ECF No. 1231-32). The Supplemental Report noted the truth of this assertion, but cited Sixth Circuit law permitting a court's raising the defense *sua sponte*.

Shalash now objects that raising the defense *sua sponte* "is frowned upon by Sixth Circuit precedent." (Objections, ECF No. 26, PageID 1264, citing *Gatewood v. Sloan,* No. 1:16-cv-334, 2017 U.S. Dist. LEXIS 222579, *14, (N.D. Ohio Oct. 30, 2017); *Flood v. Phillips*, 90 F. App'x 108, 113-114, (6th Cir. 2004)). *Gatewood* is, of course, not Sixth Circuit precedent, but the opinion of a valued and known colleague, The Honorable William Baughman. Judge Baughman does not say that raising the defense *sua sponte* is "frowned upon." Rather he said "that a procedural default may be bypassed by the federal habeas court if the underlying claim may be resolved against the petitioner on the merits" and then chose to decide the merits question directly. *Gatewood* at *14.

*Flood* is a Sixth Circuit decision, but it is expressly non-precedential because it is unpublished. The *Flood* court agreed with the district court that Flood's claims (other than prosecutorial misconduct) were procedurally defaulted but nevertheless considered the claims *sua sponte* on the merits "because the state did not assert procedural default as an affirmative defense in its responsive pleadings . . . ." 90 F. App'x at 115.

11

Both *Gatewood* and *Flood* treat procedural default as a defense which district courts can raise *sua sponte*, but which they need not raise. Neither of them purports to overruled the published Sixth Circuit precedent permitting the raising of the defense *sua sponte*, *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002)(§ 2254 capital case); *White v. Mitchell,* 431 F.3d 517, 514 (6th Cir. 2005)(§ 2254 capital case); *Elzy v. United States,* 205 F.3d 882 (6th Cir. 2000)(§ 2255 case). And as the Supreme Court noted in *Day v. McDonough*, 547 U.S. 198, 206-07 (2006), the Courts of Appeals have unanimously held, in appropriate circumstances, that courts on their own initiative may raise a petitioner's procedural default. It was not an abuse of discretion for the Magistrate Judge to raise the procedural default defense to Ground Four.

Shalash offers no additional argument as to why that defense was incorrectly decided as to Ground Four or on the merits of Ground Four.

**Conclusion**

Having reconsidered the case pursuant to the Recommittal Order, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 22, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).